**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § § | **CIVIL ACTION NO. _____** |
| **S.D.I. OF KINGWOOOD D/B/A SONIC DRIVE IN - KINGWOOD** | § § § § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to afford appropriate relief to Aracely De Leon, Elizabeth Maxwell and other female employees who were adversely affected by such practices.  Defendant unlawfully discriminated against female employees by subjecting them to disparate treatment and different terms and conditions of employment compared with male employees, and by subjecting them to unlawful sexual harassment.  Defendant's actions resulted in the constructive discharge of Ms. De Leon and other young female employees.  Defendant also unlawfully retaliated against Ms. Maxwell by subjecting her to physical and verbal abuse and then terminating her employment after she opposed the unlawful sexual harassment inflicted on her.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)

1

and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4.      The employment practices alleged to be unlawful were committed in Kingwood, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. Sections 2000e-5(f)(1) and (3) and 2000e-6.

6.      At all relevant times, Defendant S.D.I. of Kingwood f/k/a and d/b/a Sonic Drive In – Kingwood has continuously been a Texas corporation doing business in the State of Texas, the City of Kingwood and Harris County, Texas, and has continuously had at least fifteen (15) employees.  Defendant S.D.I. of Kingwood may be served with process by serving its owner, Robert Eugene Mann, Jr., at 4211 W. Lake Houston Pkwy., Kingwood, Texas 77339 or the attorney for the corporation, Michael S. Francis, Flynn, Campbell & Francis, L.L.P., 700 E. Southlake Blvd., Southlake, Texas 76092.

7.      At all relevant times, Defendant S.D.I. of Kingwood has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

8.      More than thirty days prior to the institution of this lawsuit, Aracely De Leon filed a charge with the Commission alleging violations of Title VII by S.D.I. of Kingwood ("Sonic" or "Defendant").

9.      More than thirty days prior to the institution of this lawsuit, Elizabeth Maxwell filed a charge with the Commission alleging violations of Title VII by Sonic.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of charges and an attempt to conciliate the matter.

11.     Defendant Sonic is a franchised fast food restaurant that mimics the style of 1950's drive-in restaurants.  In addition to management, cooks, and other general wait staff, it employs Carhops who deliver the food on trays to customers' cars parked under the restaurant's awnings.  Like many fast food establishments, Sonic regularly employs a number of teenagers and high school students, the majority of whom are employed as Carhops, on a part-time basis. Maxwell, De Leon and other young female employees were adversely affected by Defendant's illegal actions.

12.     Since at least February 2006, Defendant has engaged in unlawful employment practices at its Kingwood location.  These unlawful actions were in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

13.     At    all    relevant    times,    Defendant    employed    Chris    Kaluderovic ("Mann/Kaluderovic"), also known as "Chris Mann," as a supervisory or management employee. Upon  information  and  belief,  Plaintiff  alleges  that  Mann/Kaluderovic  is  the  step-son  of Defendant's owner, Robert Eugene Mann, Jr. ("Mann").

14.    Mann/Kaluderovic engaged in sexually harassing and verbally and physically abusive acts towards Ms. Maxwell, Ms. De Leon and other female employees under his supervision.  The acts by Mann/Kaluderovic included, but are not necessarily limited to, the following:  stating that he wanted to have sexual relations with Ms. De Leon and other female employees; grabbing De Leon's, Maxwell's and other female employees' buttocks while they were working; frequently making sexual comments or remarks about Ms. Maxwell and other female employees such as "nice boobs"; pressuring female employees to go socialize with him outside the workplace; threatening Ms. Maxwell with a knife after she asked him to stop sexually harassing her; and trapping female employees alone in the drive-in's storage areas and preventing them from leaving by blocking the exit.

15.    Mann/Kaluderovic also encouraged other male managers and employees to engage in sexually harassing conduct towards female employees, and, as a manager, he did nothing to prevent or correct such conduct.  Such conduct included, but is not necessarily limited to male employees: indicating that they wanted to have sexual relations with female employees while those females were in their presence; commenting about female employees' and female customers' body parts in an obscene and offensive manner; spraying female employees with the kitchen's water hose and physically wrestling them; and picking up female employees, dumping them into the large industrial sink in the kitchen and soaking them with water.

16.    Ms. Maxwell was employed by Defendant for approximately three months starting on or about May 1, 2006.  During her employment, Maxwell was 17 years of age.  She was subjected to sexual harassment by Mann/Kaluderovic from the very start of her employment, including the acts alleged in paragraph 15 above.  After she opposed the harassment by pleading with Mann/Kaluderovic to cease engaging in such conduct, he became very hostile in his

dealings with Ms. Maxwell as her supervisor and ultimately threatened her with a knife. The day following this incident, when Ms. Maxwell voiced her concern over continuing to work with Mann/Kaluderovic, Mann terminated her employment, telling Maxwell she was "difficult to work with."

17.     Ms. De Leon was employed by Defendant for only one day in February 2006. She was 16 years old at the time. The verbal and physical sexual harassment De Leon experienced on that day at the hands of Mann/Kaluderovic, including that described in paragraph 15 above, was so severe that she felt compelled to resign after only four hours on the job. The day following her constructive discharge, Ms. De Leon informed Defendant's management that she had resigned due to the sexual harassment inflicted on her by Mann/Kaluderovic.

18.     Despite being informed by Ms. De Leon of the reason for her resignation in February 2006, Defendant failed to take corrective action to prevent further harassment. After Ms. Maxwell opposed the harassment later in 2006, Defendant still failed to take corrective action to prevent further harassment, and even choose to unlawfully retaliate against Maxwell by treating her in a hostile manner and then terminating her employment. Defendant took no action to either reprimand Mann/Kaluderovic or prevent further harassing and abusive behavior, despite opposition and even complaints from Maxwell, De Leon and a number of other female employees, who are members of a class of employees who were subjected to an unlawful hostile work environment because of sex, as well as different terms and conditions of employment than male employees.

19.     Because of Mann/Kaluderovic's status as a management employee, and because both Maxwell and De Leon, as well as other female employees, were subjected to adverse

employment actions, Plaintiff would show that Defendant is vicariously and strictly liable for the sexual harassment inflicted on these employees.

20.     Upon information and belief, Plaintiff also alleges that Defendant sexually discriminated against female employees in its workplace, not only by engaging in the heretofore mentioned acts, but by depriving female employees of certain job opportunities in the drive-in's kitchen and the managerial advancement opportunities that accompanied such positions or were otherwise available to male, but not female, employees.

21.     The effect of these unlawful practices has been to deprive Ms. De Leon, Ms. Maxwell and other female staff of equal employment opportunities, and to otherwise adversely affect their status as employees because of their sex, female.

22.     The unlawful employment practices complained of above were intentional.

23.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. De Leon, Ms. Maxwell, and other female employees at Sonic, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment and sex discrimination, and any other employment practice which discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in

retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant to make whole Aracely De Leon, Elizabeth Maxwell and other female employees who were victimized by unlawful sex discrimination by providing appropriate backpay with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

E.    Order Defendant to make whole Aracely De Leon, Elizabeth Maxwell, and other female employees who were victimized by unlawful sex discrimination, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-20, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

F.    Order Defendant to make whole Aracely De Leon, Elizabeth Maxwell and other female employees who were victimized by unlawful sex discrimination by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-20, above, including emotional pain and suffering, in an amount to be determined at trial.

G.    Order Defendant to pay Aracely De Leon, Elizabeth Maxwell and other female employees who were victimized by unlawful sex discrimination punitive damages for their

malicious and reckless conduct described in paragraphs 11-20, above, in amounts to be determined at trial.

       H.      Grant such further relief as the Court deems necessary and proper in the public interest.

       I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


  _/s/ Connie K. Wilhite
Connie K. Wilhite
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. Of Texas No. 23624
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3390
(713) 209-3402 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002